Juan ORTIZ–ALVARADO, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–70917.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 21, 2008.

Filed Nov. 24, 2008.

Ruben Rivera, Esquire, Portland, OR, for Petitioner.

Robbin Kinmonth Blaya, Esquire, Mary Jane Candaux, Assistant Director, U.S. Department of Justice, Michael C. Heyse, Esquire, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, ORP–District Director, Office of the District Director Department of Homeland Security, Portland, OR, for Respondent.

Before: THOMPSON, TASHIMA and M. SMITH, Circuit Judges.

MEMORANDUM *

Juan Ortiz–Alvarado, a native and citizen of Guatemala, petitions for review of

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the Board of Immigration Appeal's (BIA) order adopting and affirming the Immigration Judge's (IJ) decision denying his request for withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition for review.

An applicant bears a greater burden in proving eligibility for withholding of removal than for asylum on the basis of a future threat. *Compare* 8 C.F.R. § 1208.13(b)(2) *with* 8 C.F.R. § 1208.16(b)(2). *See also Ahmed v. Keisler*, 504 F.3d 1183, 1199 (9th Cir.2007).

The standard for proving past persecution, however, is the same for withholding of removal and asylum purposes. *Compare* 8 C.F.R. § 1208.13(b)(1) *with* 8 C.F.R. § 1208.16(b)(1). *See also Ahmed*, 504 F.3d at 1199–1200 (holding that a showing of past persecution entitled applicant to a presumption of future persecution on the same grounds for both asylum and withholding of removal purposes). *Accord Smolniakova v. Gonzales*, 422 F.3d 1037, 1054 (9th Cir.2005); *Boer–Sedano v. Gonzales*, 418 F.3d 1082, 1092 (9th Cir. 2005); *Nuru v. Gonzales*, 404 F.3d 1207, 1229 (9th Cir.2005); *Ali v. Ashcroft*, 394 F.3d 780, 791 (9th Cir.2005); *Mihalev v. Ashcroft*, 388 F.3d 722, 730–31 (9th Cir. 2004); *Hoque v. Ashcroft*, 367 F.3d 1190, 1198 (9th Cir.2004); *Baballah v. Ashcroft*, 367 F.3d 1067, 1079 (9th Cir.2004).

■ The IJ stated there was a question whether Ortiz–Alvarado had introduced sufficient proof of past persecution to satisfy the asylum standard, but held he failed to meet the standard for past persecution for withholding of removal purposes. The BIA affirmed this finding. The BIA erred in imposing a higher burden of proof on Ortiz–Alvarado's attempt to prove past persecution for the purposes of withholding of removal.

Where the BIA applies the wrong legal standard to an applicant's claim, the appropriate remedy is remand for reconsideration under the correct standard. *Ornelas–Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir.2006). Thus, we remand this case to the BIA to determine whether Ortiz–Alvarado suffered past persecution, and if he did, to apply the presumption that his "life or freedom would be threatened in the future in the country of removal on the basis of the original claim." 8 C.F.R. § 1208.16(b)(1)(i). This presumption may be rebutted by evidence of changed circumstances, or by a showing that Ortiz–Alvarado could reasonably relocate to a different part of Guatemala to avoid a future threat to his life or freedom. 8 C.F.R. § 1208.16(b)(1)(i)(A),(B). The BIA must also determine whether, in light of the presumption (if applicable), it is more likely than not that Ortiz–Alvarado's life or freedom would be threatened on account of one of the five protected grounds enumerated in 8 U.S.C. § 1231(b)(3)(A). 8 C.F.R. § 1208.16(b); *Hanna v. Keisler*, 506 F.3d 933, 939–40 (9th Cir.2007).

We remand this case to the BIA for further consideration of these questions. If further fact-finding is required, the BIA must remand to the IJ under 8 C.F.R. § 1003.1(d)(3)(iv).

■ There is another reason why we must remand this case to the BIA. In making a determination of past persecution, our cases have made it clear that the IJ must look at the "cumulative impact of several incidents even where no single incident would constitute persecution on its own." *Baballah*, 367 F.3d at 1075; *see also Krotova v. Gonzales*, 416 F.3d 1080, 1084 (9th Cir.2005) ("Even when a single incident does not rise to the level of persecution, the cumulative effect of several incidents may constitute persecution." (citations omitted)); *Faruk v. Ashcroft*, 378

F.3d 940, 943 (9th Cir.2004) ("Even where no individual incident may be sufficient to constitute persecution, past persecution can be established by the cumulative effect of multiple threats and attacks."). *In Baballah,* we concluded that the petitioner had established past persecution because of the cumulative impact of the attacks against him. *Baballah,* 367 F.3d at 1075. And because the petitioner had established past persecution for asylum purposes, we further concluded that the petitioner was entitled to a rebuttable presumption that he qualified for withholding of removal. *Id.* at 1079.

Here, the IJ evaluated past harm by dividing it into three separate categories: (1) harm as a child; (2) rape as an adult; and (3) detention by the police. The IJ, however, failed to evaluate the cumulative impact of all of these incidents. Further, in his evaluation of past persecution, the IJ did not mention other factors, including the fact that Ortiz–Alvarado was disowned by his father; that he was treated like a woman by the family he lived with; that he was continuously harassed at his job; and that he was actually fired because of his sexual orientation. On remand, all of these incidents of past harm must be taken into account cumulatively in assessing whether Ortiz–Alvarado has established past persecution.

The petition for review is **GRANTED.** Case **REMANDED** to the BIA.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.